```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FARSHID K. BAKHSHI,

                        Plaintiff,

        -against-                                    **MEMORANDUM & ORDER**
                                                     No. 03-CV-5592 (FB)
LILLIAN M. MCCLEOD-WILSON, FORD
MOTOR CREDIT COMPANY and FORD
CREDIT TITLING TRUST

                        Defendants.
------------------------------------------------------------x
```

**BLOCK, Senior District Judge:**

Plaintiff Farshid Bakhshi ("Bakhshi") brought this action against defendants Lillian McLeod-Wilson ("McLeod-Wilson"), Ford Motor Credit Company ("FMCC") and Ford Credit Titling Trust ("FCTT"), following a motor-vehicle accident on November 1, 2002. Several motions are currently pending before the Court: Defendants FMCC and FCTT have moved to dismiss on the grounds that (1) the summonses served on them were not signed by the Clerk and did not bear the seal of the Court, (2) Bakhshi filed an amended complaint adding FMCC and FCTT as parties without obtaining leave of the Court or consent of the "adverse" parties, in violation of Fed. R. Civ. P. 15(a) and (3) the amended complaint was served after the date specified in a stipulation between Bahkshi and McLeod-Wilson; defendant FCTT also has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim against it. Additionally, Bakhshi has moved for partial summary judgment as to liability, and defendant McLeod-Wilson has cross-moved for summary judgment on the ground that Bakhshi did not sustain a serious injury as

required under the New York Comprehensive Motor Vehicle Insurance Reparations Act (New York's "No-Fault Law").[1] For the reasons stated in open court on August 10, 2006, as reinforced in this Memorandum and Order, the motions are denied.

## A. FMCC and FCTT's Motions to Dismiss

1. The remedy for service of a defective summons is to quash service of process – not to dismiss the action.[2] *See, e.g., Macaluso v. N.Y. Dep't of Envtl. Conservation*, 115 F.R.D. 16, 19-20 (E.D.N.Y. 1986) (quashing service but denying motion to dismiss because "there [wa]s a reasonable prospect that plaintiff[s] ultimately w[ould] be able to serve defendants properly" (internal citation and quotations omitted)); *Osrecovery, Inc. v. One Group Intern., Inc.*, 234 F.R.D. 59, 61-62 (S.D.N.Y. 2005) (analyzing whether court should extend time to serve proper summons). Because Bakhshi served proper summonses before the 120-day period to effectuate service expired, FMCC and FCTT's motion to dismiss for

---

[1] Because the accident occurred in New York, this action is governed by New York's No-Fault Law, N.Y. Ins. Law §§ 5101-5108 (McKinney 2000).

[2] One circuit court has held to the contrary, explaining that "[a] summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant[,]" and thus, the "suit should be dismissed under Fed. R. Civ. P. 12(b)(2)[,]" and "it becomes unnecessary for the district courts to consider such questions as whether service was properly made, or whether an extension to the 120-day service period should be granted under Rule 4(m)." *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3rd Cir. 1996). However, no other court has followed this holding. As one district court correctly noted, "it is hard to square the supposed 'jurisdictional' nature of service of process with the reality that the Federal Rules permit the allegedly defective summons to be amended and permit service to be effected after the 120 day deadline set out in Rule 4(m) upon a showing of good cause." *Miller v. Holzmann*, 2006 WL 568722, at *23-25 (D.D.C. Mar. 9, 2006) (internal citation omitted).

improper process is denied.

2. Dismissal is also not warranted on the ground that Bakhshi improperly filed an amended complaint. Even assuming *arguendo* that Bakhshi was required to obtain leave of the Court, the Could would have granted it under the liberal standards for amending a complaint because Bakhshi moved to amend the complaint to add FMCC and FCTT shortly after learning in a deposition that McLeod-Wilson's vehicle was leased from FMCC and FCTT. *See* Fed. R. Civ. P. 15(a) (Leave to amend "shall be freely given when justice so requires"); *Benjamin v. Brookhaven Science Associates, LLC*, 387 F. Supp. 2d 146, 158 (E.D.N.Y. 2005) (Leave to amend "should only be denied because of undue delay, bad faith, futility, or prejudice to the nonmoving party[.]" (citing *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995))).

3. FMCC and FCTT have no standing to enforce the stipulation between Bakhshi and McLeod-Wilson. Accordingly, dismissal is not warranted because the amended complaint was served after the date specified in the stipulation.

4. The amended complaint alleges that both FMCC and FCTT were lessors of the vehicle. Because these allegations are accepted as true for purposes of a motion to dismiss, FCTT's motion to dismiss for failure to state a claim is denied.

## B. Bakhshi's Motion for Summary Judgment

"It is well settled that the driver of a motor vehicle must maintain a safe distance between his vehicle and the one in front of him, and that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver who

strikes the vehicle in front...." *Garcia v. Bakemark Ingredients (East) Inc.*, 797 N.Y.S.2d 467, 468 (1st Dep't 2005) (citation omitted); *see also* N.Y. Veh. & Traf. Law § 1129. However, where the lead vehicle makes a sudden stop and the rear driver has maintained a safe distance behind the lead vehicle, the sudden stop constitutes a non-negligent explanation because "the lead driver also has a duty not to stop suddenly or slow down without proper signaling so as to avoid a collision." *Carhuayano v. J & R Hacking*, 813 N.Y.S.2d 162, 163 (2d Dep't 2006); *see also Taveras v. Amir*, 808 N.Y.S.2d 368, 369 (2d Dep't 2005); *Gaeta v. Carter*, 775 N.Y.S.2d 86, 87 (2d Dep't 2004); *Chepel v. Meyers*, 762 N.Y.S.2d 95 (2d Dep't 2003). Therefore, McLeod-Wilson averment that Bakhshi made a sudden and unexplained stop <u>after</u> stopping at the stop sign on the Union Turnpike entrance ramp to the Grand Central Parkway is sufficient to defeat Bakhshi's prima facie case of negligence.

### C. McLeod-Wilson's Motion for Summary Judgment

1. McLeod-Wilson argues that Bakhshi has not sustained a serious injury. The defendant bears the initial burden of "establish[ing] a prima facie case that plaintiff's injuries were not serious"; thereafter, the burden "shift[s] to plaintiff to come forward with sufficient evidence to overcome defendant's motion by demonstrating that she [or he] sustained a serious injury within the meaning of the No-Fault Insurance Law." *Gaddy v. Eyler*, 79 N.Y.2d 955, 956-57 (1992) (citations omitted). McLeod-Wilson's submission of three doctor's reports, all stating that Bakhshi does not suffer from a disability, is clearly sufficient to establish a prima facie case that Bakhshi's injuries were not serious. However, Bakhshi has also sustained his burden to defeat summary judgment because he has

submitted evidence establishing that he suffered from herniated and bulging discs, and extensive objective evidence of limited range motion and positive straight-leg-raising tests. *See Brown v. Achy*, 776 N.Y.S.2d 56, 58 (1st Dep't 2004) ("straight-leg raising tests are objective evidence of serious injury, especially where, as here, they are coupled with positive MRI and nerve conduction test results." (internal citations omitted)).

2. McLeod-Wilson also argues that to the extent that Bakhshi was injured, it was the result of a prior automobile accident. Where the defendant submits "persuasive evidence that plaintiff's alleged pain and injuries were related to a preexisting condition, plaintiff ha[s] the burden to come forward with evidence addressing defendant's claimed lack of causation." *Pommells v. Perez*, 4 N.Y.3d 566, 580 (2005). McLeod-Wilson has only submitted Bakhshi's deposition in which Bakhshi conceded that he had sustained similar injuries in a previous automobile accident that occurred 13-15 years earlier. Summary judgment is not warranted because the mere existence of a prior accident is not enough to establish a prima facie case that Bakhshi's injury was the result of a prior accident. *See Bray v. Rosas*, 815 N.Y.S.2d 69, 71 (1st Dep't 2006) (defendant did not establish a prima face case where defendants' "reports d[id] not support an inference that plaintiff's injury . . . related to a prior accident, as neither report indicates whether the doctor possessed any medical record relating to an earlier accident, and, in any event, neither doctor relates plaintiff's current complaint to any prior injury."); *cf. Collins v. Stone*, 778 N.Y.S.2d 79 (2d Dep't 2004) (defendant established prima facie case that injuries did not result from the claimed accident where defendant's doctor "found that the plaintiff suffered a recurrence of neck

and back pain as a result of a second accident . . . .").

## CONCLUSION

All the motions are denied.

**SO ORDERED.**

                                        /s/
                              FREDERIC BLOCK
                              United States Senior District Judge

Dated: Brooklyn, New York
       August 10, 2006